*W. P. D. Bush,* for appellants.

---

## G. W. LOCKRIDGE *v.* J. T. CLARK.

**Bills and Notes—Illegal Consideration.**

> To defeat the consideration in a note, for money borrowed to be used to corrupt an election, the illegal purpose must have been known to the lender, and he must have participated in that intent, and the accomplishment of the illegal act must have entered into the contract, forming the motive, and inducement in the mind of the lender, to loan the money.

APPEAL FROM CLARK CIRCUIT COURT.

June 15, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

Although we might not concur in all the reasons of the court for the conclusion to which it arrived in the case of *Cummons vs. Overton* 18 *B. M.* 643. Still that opinion has been acquiesced in for more than 12 years without complaint, so far as we are aware, and it seems to be consistent with the spirit of the age as indicated by legislative tendency to discriminate favorably towards sureties in contracts where they are bound as such; in which, perhaps, courts to some extent partake. We do not therefore, feel authorized to overrule a decision so long acquiesced in, and which must be well understood; and approve the instruction given by the court below in reference to the statute of limitations.

But the instruction relative to the immoral purpose for which the money was borrowed—we can not approve. By it the jury were told that if the note sued on was given for money to be used, and was used in securing votes for, and in the election of John H. Bradshaw, as sheriff and Lockridge was aware of that, when the money was obtained from him they must find for defendant.

vol. 4—33.

This instruction is in conflict with the doctrine in *Hedges vs. Wallace* 2 *Bush* 422. It is not sufficient that the money was borrowed for an illegal purpose and that Lockridge knew that the borrower intended to make an illegal use of it. But the illegal purpose of the borrower must have been known to the lender, and he must have participated in that intent, and the accomplishment of the illegal act must have entered into the contract, forming the motive, and inducement in the mind of Lockridge to loan the money.

But although the second instruction was erroneous, substantial rights of appellant do not seem to be prejudiced thereby. The limitation pleaded by appellee as a bar was clearly made out and the verdict should have been for lien on that issue, and judgment rendered accordingly, and that being the case this court is not authorized to reverse the judgment—when the final result must be the same as it now is.

*Breckinridge & Buckner, for appellant.*
*Turner, for appellee.*